UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Jane Doe, | : Civil Action |
| Plaintiff, | : |
| v. | : Docket No.: 2:22-CV-01628-RJC |
| Northern Regional Police Department, et al., | : |
| Defendants. | : |

**DEFENDANTS' NORTHERN REGIONAL POLICE DEPARTMENT OF ALLEGHENY COUNTY AND DETECTIVE RICK'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6)**

Defendants, Northern Regional Police Department of Allegheny County (the "Department") and Detective Scott Rick ("Det. Rick") (Collectively referred to as the "Moving Defendants"), by and through their undersigned counsel, Siana Law, LLP, hereby file this Memorandum of Law in Support of their Motion to Dismiss Plaintiff's Amended Complaint (ECF 12) pursuant to Federal Rule of Civil Procedure 12(b)(6).

### I.    PROCEDURAL HISTORY

On September 19, 2022, Plaintiff, Jane Doe (hereinafter "Ms. Doe"), filed a four count Complaint in Allegheny County Court of Common Pleas against the Department and Det. Rick. The matter was removed to the United States District Court for the Western District of Pennsylvania on November 16, 2022. (ECF 1). Ms. Doe thereafter filed an Amended Complaint ("AC") on December 9, 2022, adding new claims and new parties including a purported *Monell* claim (failing to identify a separate count); and a claim for Intentional Infliction of Emotional Distress. (ECF 12). The new parties named include: the Joint Police Board of the Northern

1

Regional Police Department of Allegheny County (The "Joint Police Board"), Township of Pine, Marshall Township, Township of Richland and the Borough of Bradford Woods (collectively referred to as the "Newly Named Defendants"). (ECF 12).

## II.     FACTS[1]

Ms. Doe was a minor student at Pine-Richland School District High School. AC ¶8. At the time, A.M. was also a minor student at Pine-Richland District High School. *Id.* On January 7, 2019, A.M. secluded Ms. Doe in a school restroom, where he sexually assaulted her. *Id*. Ms. Doe escaped and on the same day, reported the sexual assault to a close friend, the Pine-Richland School District, law enforcement, and medical professionals. *AC ¶8.*

Ms. Doe provided a videotaped statement to Det. Rick on January 7, 2019 at the Department. *AC, ¶9.* Ms. Doe provided four additional statements: (1) a verbal statement to medical personnel at Children's Hospital of Pittsburgh of UPMC as part of a rape kit examination; (2) several months later in connection with a Sexual Violence Protection Order (SVPO); (3) one year later to Pine-Richland High School seeking an investigation; and (4) in October of 2021 to personnel at the District Attorney's Office of Allegheny County. *AC ¶9*[2].

Det. Rick is claimed to have committed multiple deliberate premeditative acts preventing the District Attorney from reviewing Ms. Doe's complete statement. (AC ¶10-11)(no dates provided).

Det. Rick provided the District Attorney's Office with a written Incident Report which Plaintiff claims altered Ms. Doe's statement and was biased in favor of A.M. with the intention of protecting A.M. from prosecution. (AC ¶12, 18). More specifically, Ms. Doe claims Det. Rick

---

[1] The pertinent facts set forth herein are derived from the Complaint and are accepted as true for the purposes of this Motion to Dismiss only, without admitting the same.

[2] It is not alleged that Det. Rick or the Department were involved in the statements to the hospital, in reference to the protection order (months later); the statement to the high school or to personnel at the District Attorney's office.

(1) submitted Ms. Doe's incomplete handwritten statement to the District Attorney's Office[3]; (2) Det. Rick never provided a copy of the unfinished statement to Ms. Doe's parents; (3) Det. Rick and the Department failed to provide the district attorney with the transcript or useable video statement; and (4) the unfinished statement became a part of the criminal investigation present to the district Attorney's office. (AC ¶13(a-d)). Ms. Doe also asserts Det. Rick's investigation into witnesses and other evidence was incomplete. (AC ¶23). She also alleges the Moving Defendants' actions were motivated in part by a desire to protect the reputation of the school district, A.M. and the football team. (AC ¶26-27).

Two months after the alleged sexual assault, Det. Rick called Ms. Doe's mother to advise that the District Attorney decided not to prosecute[4]. (AC ¶14).

Ms. Doe asserts that the Department had a long standing custom and policy of granting discretion to its detectives into the conduct of investigations of potential sex crimes. (AC ¶31). She also asserts the Department acted with deliberate indifference to the training, monitoring and supervision of its detectives. (AC ¶32). Finally, she asserts that Det. Rick was a final decisionmaker. (AC ¶34).

Ms. Doe likewise asserts the Moving Defendants treated Ms. Doe differently than other sexual assault victims, with no rational basis for the difference in treatment. (AC ¶37.) Furthermore, the Moving Defendants' actions "shocked and conscience and violated Ms. Doe's right to substantive due process". (AC ¶48.)

[INTENTIONALLY LEFT BLANK]

---

[3] Ms. Doe asserts the statement was incomplete because the school directed her to stop writing. (AC ¶13(a)).
[4] This appears to be before Ms. Doe's statement in reference to the SVPO; the additional statement to the school; and the verbal statement to the district attorney's office. (See, AC ¶9)

## III. STANDARD OF REVIEW

The purpose of a Motion to Dismiss under Federal Rule of Civil Procedure 12(b) is to test the legal sufficiency of a complaint. *Sturm v. Clark*, 835 F.2d 1009, 1011 (3d Cir. 1987). A motion to dismiss for failure to state a claim may be granted if, after accepting all well-pleaded facts in the complaint as true, and viewing them in the light most favorable to the non-moving party, plaintiff is not entitled to relief. *Maio v. Aetna, Inc.*, 221 F.3d 472, 482 (3d Cir. 2000). The court need not accept plaintiff's "unsupported conclusions and unwarranted inferences" as true. *Id*. at 485 n.12.

Additionally, dismissal of a complaint is appropriate if, accepting as true all of the facts alleged in the complaint, the plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly,* 550 U.S. 544, 570 (2007). Plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In *Twombly*, the Supreme Court used a "two-pronged approach," which it later formalized in *Iqbal*. *Iqbal*, *supra*; *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Under this approach, a district court first identifies those factual allegations that constitute nothing more than legal conclusions or naked assertions. *Twombly*, 550 U.S. at 555, 557. Such allegations are "not entitled to the assumption of truth" and must be disregarded. *Iqbal*, 556 U.S. at 679. The court then assesses the "'nub' of the plaintiff['s] complaint—the well-pleaded, nonconclusory factual allegation[s]"—to determine whether it states a plausible claim for relief. *Id*.

[INTENTIONALLY LEFT BLANK]

### IV.   ARGUMENT

#### A.   Ms. Doe's Claims Lack Merit as She Lacks Standing

The Moving Defendants are entitled to dismissal, as a matter of law, as Ms. Doe's claims for violations of her Equal Protection Rights (Count I); and Due Process Rights (Count II) lack merit because Ms. Doe has no standing to assert claims for the purported failure to file criminal charges against a ***third party***; or failing to properly conduct an investigation for the purpose of issuing criminal charges against a third party.

##### 1.   Equal Protection Claim Fails (Count I)

Ms. Doe has failed to state a viable cause of action for an Equal Protection violation because the facts alleged in the Complaint fail to demonstrate a judicially cognizable "injury-in-fact" for purposes of standing.  *Hassan v. City of New York,* 804 F.3d 277, 289 (3d Cir. 2015). Injury-in-fact requires that a plaintiff suffer, or be in imminent danger of suffering, an invasion of a legally protected interest that is concrete and particularized as well as actual or imminent, not conjectural or hypothetical.  *Id.*  Based upon the facts in this case, the law is clear that "a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).  See, also *Trinh v. Trinh* 2022 WL 327011 (3rd Cir. 2022); wherein the Court noted that the plaintiff lacked standing to impose criminal liability on the defendant; *Hookey v. Lomas*, 483 Fed.Appx. 110 (3rd Cir. 2011) ("We add that Trooper Townsend's alleged refusal to file a criminal complaint against Jones does not give rise to a viable §1983 claim. (citing *Linda R.S.*, *Supra*)).

As Ms. Doe has no cognizable interest in the prosecution (or non-prosecution) of A.M., the equal protection claim against the Moving Defendants must be dismissed, with prejudice.

### 2. Substantive Due Process (Count II)

Ms. Doe also asserts that the Moving Defendants' actions not only shocked the conscience, but violated her right to "substantive due process"[5]. (AC ¶48). The Supreme Court has unequivocally determined that "the benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause, neither in its procedural nor in its 'substantive' manifestations." *Town of Castle Rock, Colo. v. Gonzales,* 545 U.S. 748, 768 (2005).

Specific to a substantive due process claim, in line with *DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189, 103 L.Ed.2d 249 (1989), no protections for substantive due process are indicated. Also see, *Morrow v. Balaski*, 719 F.3d 160, 166 (3rd Cir. 2013) denying a due process claim also noting *DeShane* and that the Supreme Court established that a state's failure to protect an individual against private violence does not constitute a violation of the Due Process Clause; *Burella v. City of Philadelphia*, 501 F.3d 134 (3rd Cir. 2007) recognizing a lack of a viable substantive due process claim under *DeShaney*.

Accordingly, as a matter of law, Ms. Doe's Due Process claim fails, and must be dismissed, with prejudice.

### B.     Alternatively, the *Monell* claims Fail to Create a Plausible Claim for Relief

Ms. Doe filed the AC, providing bald, conclusory allegations against the Department, and without providing an actual *Monell* claim. (See, AC). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation [under Rule 8(a)(2)] to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and the formulaic recitation of the elements of a cause of action will not do." *Id.* at

---

[5] Ms. Doe does not assert a procedural due process claim. See, AC.

1964-65 (citations omitted).  The Third Circuit requires a district court to engage in a two-step inquiry to determine the sufficiency of the facts alleged in a complaint:

> First, the factual and legal elements of a claim should be separated. The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Iqbal*, 129 S. Ct. at 1949.  Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id*. at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief . . ..  As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1949.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).  The Supreme Court makes it clear that the assumption of truth does not apply to legal conclusions couched as factual allegations, or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal,* 129 S. Ct. at 1949.

Specifically, Ms. Doe added six (6) paragraphs which contain nothing more than bald conclusory statements to support a purported *Monell* claim.  (See, AC ¶¶30-35).  For example, Ms. Doe asserts:

- The municipal defendants 'established a long-standing custom and policy" of granting unfettered discretion to detectives to investigate potential sex crimes. (AC ¶31)

- The municipal defendants acted with deliberate indifference and "abdicated their responsibility" for training, monitoring and supervision. (AC ¶32).

- The NRPD detectives were free to investigate sex crimes without regard to best practices for conducting investigations without bias or prejudice in favor of the potential criminal defendant (AC ¶33)

- Det. Rick acted pursuant to the custom and policy and was a final decision maker. (AC ¶34).

(AC; ECF 12).

Municipal entities are only liable under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible for under § 1983." *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978); *Hill v. Borough of Kutztown*, 455 F.3d 225 (3d Cir. 2006). To establish a *Monell* claim, Ms. Doe must allege that she: (1) possessed a constitutional right of which he was deprived; (2) the municipality had a policy; (3) the policy "amount[ed] to deliberate indifference" to the plaintiff's constitutional right; and (4) the policy was the "moving force behind the constitutional violation." *City of Canton, Ohio v. Harris,* 489 U.S. 378, 389-91, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989) (internal quotation marks omitted). "'[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Vargas v. City of Philadelphia*, 783 F.3d 962, 974 (3d Cir. 2015) (citing *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown,* 520 U.S. 397, 410, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997)).

For purposes of meeting the *Monell* standard, "a policy exists when a municipal decision-maker with final authority issues an official proclamation." *Kean v. Henry*, 523 Fed. App'x 879, 881 (3d Cir. 2013) (*citing Kelly v. Borough of Carlisle*, 622 F.3d 248, 263 (3d Cir. 2010)). A custom exists when "practices of state officials [are] so permanent and well settled as to virtually constitute law." *Id.*  To prove a policy or custom, it must be shown that an official "is responsible either for the policy or, through acquiescence, for the custom." *Id.* (*citing Chambers v. Sch. Dist. of Phila. Bd. Of Educ.*, 587 F.3d 176, 193 (3d Cir. 2009)).

To prove a failure to train or supervise claim, Ms. Doe must plead that the policymaker made a "deliberate" or "conscious" decision to not train or supervise. *City of Canton, 489 U.S. at 389.* "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for ... failure to train." *Simpson v. Ferry*, 202 F. Supp. 3d 444, 455 (E.D. Pa. 2016) (quoting *Connick v. Thompson*, 563 U.S. 51, 131 S.Ct. 1350, 1360, 179 L.Ed.2d 417 (2011) and *Bryan Cnty at* 409). It is insufficient to prove that an injury or accident could have been avoided if an officer "had better or more training, sufficient to equip him to avoid the particular injury – causing conducts." *Canton* at 390.

Here, Ms. Doe provides nothing more than bald, conclusory language which fails to overcome the *Iqbal/Twombly* standard. Further, she fails to allege any facts to support that the Department had a custom or policy that amounted to deliberate indifference of her constitutional rights or that the Department had knowledge of constitutional violations or facts to indicate a pattern of similar alleged violations related to unconstitutional initiation of criminal proceedings against third parties or related investigations. She also fails to plead any facts that support of a pattern of constitutional violations based on the Department's alleged failure to train, supervise or montior its police officers. Simply, there are no meritorious allegations a specific policy, custom or practice was the "moving force" behind the Department's alleged constitutional violation.

As it relates to the purported failure to train, Ms. Doe has no factual allegations to overcome the *Iqbal/Twombly* standards, or, for that matter, support any deliberate indifference. Furthermore, there are no facts supporting that any deliberate indifference in failing to train was the driving force behind a purported violation, assuming a viable constitutional violation, which is denied.

Nor are there any facts to support that Det. Rick was a final policymaker, as Ms. Doe only asserts a conclusory statement (AC ¶34). Furthermore, while "a single act or decision of a final

9

policymaker can establish municipal policy," *McGreal v. Ostrov*, 368 F.3d 657, 685 (7th Cir. 2004) (citation omitted), the Third Circuit has held that "as a matter of Pennsylvania state law, a township Police Chief is not a final policymaker." *Santiago v. Warminster Twp.*, 629 F.3d 121, 135 n.11 (3d Cir. 2010) (citations omitted). Further, "the Supreme Court has forbidden courts from 'assuming that municipal policymaking authority lies somewhere other than where the applicable law purports to put it.'" *Santiago*, 629 F.3d at 135 n.11 (*quoting City of St. Louis v. Praprotnik*, 485 U.S. 112, 125 n.1, 126 (1988)). Considering a police chief is not a final policymaker, and Ms. Doe has alleged no facts that Det. Rick, as a detective, is a final policymaker (which is denied as a matter of law); any such *Monell* claims against Det. Rick and/or the Department must be dismissed, as a matter of law.

Furthermore, as there is no meritorious constitutional violation by Det. Rick, the *Monell* claim necessarily fails. *Williams v. Borough of West Chester*, 891 F.2d 458 (3rd Cir. 1989).

### C. Alternatively, Det. Rick is Entitled to Qualified Immunity as to the Federal Claims

A municipal defendant is entitled to Qualified Immunity when "their conduct does not violate clearly established or constitutional rights of which a reasonable person would have known." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 142 (3d Cir. 2011) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity shields government officials from liability unless the official violated a federal or statutory right that was clearly established at the time of the challenged conduct. *Reichle v. Howards,* 566 U.S. 658, 664 (2012). A qualified immunity analysis involves two questions: whether the official violated a statutory or constitutional right, and whether that right was clearly established at the time of the challenged conduct. *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011). Lower courts have the discretion to decide which question to analyze first. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

- **No violation of a statutory or constitutional right**

For the reasons previously set forth, Det. Rick did not violate Ms. Doe's civil rights.

- **No clearly established right**

The dispositive question that the court must ask is "whether the violative nature of particular conduct is clearly established." *al-Kidd*, 563 U.S. at 742. The concept of "clearly established" cannot be general but must be particularized to the facts of the specific case. *See, Wood v. Moss*, 134 S.Ct. 2056, 2068 (2014); *Plumhoff v. Rickard*, 134 S.Ct. 2012, 2023 (2014); *Stanley Taylor, et al., v. Karen Barkes, et al.*, 135 S.Ct. 2042, 2044 (2015); *City and Cnty of San Francisco v. Sheehan*, 135 S.Ct. 1765, 1776-77 (2015); *White v. Pauly*, 137 S.Ct. 548 (2017); *District of Columbia v. Wesby*, 138 S.Ct. 577, 590 (2018).

Recently, the Third Circuit again declined to define rights "at a high level of generality, for clearly established purposes." *Rivera v. Monko,* 37 F.4th 909 (3rd Cir. 2022).  See also, *Bland v. City of Newark*, 900 F.3d 77, 83 (3rd Cr. 2018); and *Williams v. City of York, Pennsylvania*, 967 F.3d 252 (3d Cir. 2020).

Here, as there is no meritorious claim under either the Due Process Clause or Equal Protection Clause based upon the claim that Det. Rick allegedly failed to file criminal charges against A.M.; or alternatively conducted a shoddy investigation supporting the issuance of charges, there was no clearly established right requiring Det. Rick to file criminal charges.  In fact, the Supreme Court has denied any such claim.  There cannot be a clearly established right to the prosecution of another, when "a private citizen lacks a judicially cognizable *interest* in the prosecution or non-prosecution of another." *Linda R.S.,* 410 U.S. at 619 (emphasis added).

Accordingly, Det. Rick is entitled to Qualified Immunity as to all federal claims.

### D.  Intentional Infliction of Emotional Distress (Count III)

A cause of action for intentional infliction of emotional distress arises when a defendant, by extreme and outrageous conduct, intentionally or recklessly causes severe emotional distress to another resulting in bodily harm.  *Reedy v. Evanson*, 615 F.3d 197, 231 (3d Cir. 2010).  Only cases demonstrating the most egregious conduct will form a sufficient basis for intentional infliction of emotional distress.  *See Papieves v. Lawrence,* 263 A.2d 118 (Pa. 1970).  Considering Ms. Doe has no standing to pursue the underlying civil rights claims, this Court should decline pendant jurisdiction of the state law claims.

Additionally, while Plaintiff alleges in conclusory fashion that Det. Rick's conduct was "extreme and outrageous," and proximately caused Ms. Doe "severe emotional distress and physical injury," she has not described any physical harm as required to meet the standards for a claim of intentional infliction of emotional distress.  Given the standard and the allegations in the AC,  Ms. Doe's claim for an intentional infliction of emotional distress claim should be dismissed as a matter of law.

Alternatively the IIED claim against the Department must be dismissed as there is no liability against the entity for the alleged claims of willful misconduct of its employees.  See, *Weaver v. Franklin County*, 918 A.2d 194 (Pa.Cmwlth. 2017).

### E.  Negligent Infliction of Emotional Distress (Count IV)

The Pennsylvania Political Subdivision Tort Claims Act, 42 Pa.Cons.Stat. §8541, provides that "no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person."  There are no exceptions for a claim for negligent infliction of emotional distress.  *See* 42 Pa.C.S. §8542(b).  As a claim for negligent infliction of emotional distress does not fall within an exception

to immunity, Count IV against the Department and Det. Rick must be dismissed, with prejudice. *Zernhelt v. Lehigh County Office of Children and Youth Services*, 659 A.2d 89 (Pa.Cmwlth. 1995). *Weaver, supra.*

    **F.**    **Equitable Claims Fail**

Ms. Doe requests that defendants provide appropriate equitable relief to her. (AC, *Prayer for Relief*). However, she fails to identify the nature or extent of the equitable relief requested; and her failure violate Rule 8 and *Iqbal/Twombly*, requiring this Court to dismiss any such claim for equitable relief.

To the extent Plaintiff seeks the filing of criminal charges against A.M. as part of equitable relief, the prosecutorial decision to do so lies with the District Attorney's Office. (Which, despite communicating on more than one occasion with Plaintiff and receiving the full account of her allegations against A.M. from her directly at least once, chose not to prosecute her claims). Therefore, neither the Department nor Det. Rick can provide the relief requested.

See, Allegheny County Local Rule of Criminal Procedure 507.2:

> **APPROVAL OF POLICE COMPLAINTS AND ARREST WARRANT AFFIDAVITS BY ATTORNEY FOR THE COMMONWEALTH IN FELONY SEXUAL ASSAULT CASES**
> The District Attorney of Allegheny County, Stephen A. Zappala, Jr., having filed a certification pursuant to Pa.R.Crim.P. 507, criminal complaints and arrest warrant affidavits by police officers, as defined in the Rules of Criminal Procedure, charging Rape (18 Pa.C.S. §3121), Statutory Sexual Assault (18 Pa.C.S. §3122.1), Involuntary Deviate Sexual Intercourse (18Pa.C.S. §3123), Sexual Assault (18 Pa.C.S.§3124.1), Institutional Sexual Assault (18 Pa.C.S.§3124.2), or Aggravated Indecent Assault (18 Pa.C.S. §3125), shall not hereafter be accepted by any judicial officer unless the criminal complaint and arrest warrant affidavit have the approval of an Attorney for the Commonwealth prior to filing.

## IV. CONCLUSION

For all the aforementioned reasons, Defendants Northern Regional Police Department of Allegheny County and Detective Scott Rick respectfully request that this Honorable Court grant their Motion to Dismiss, and enter an Order consistent with the proposed Order.

**SIANA LAW**

By: */s/ Sheryl L. Brown*
Sheryl L. Brown, Esquire, I.D. #59313
*Counsel for Defendants, Township of Pine, Marshall Township, Township of Richland, Borough of Bradford Woods and the Joint Police Board of the Northern Regional Police Department of Allegheny County*
941 Pottstown Pike, Suite 200
Chester Springs, PA 19425
(P): 610.321.5500 (F): 610.321.0505
slbrown@sianalaw.com